## WHITE *v.* KNOWLES.

(*Supreme Court, General Term, Fifth Department.*  March, 1889.)

1. TRIAL—INSTRUCTIONS.

Defendant was a brother of plaintiff's wife, and was in the habit of coming to plaintiff's house and staying for periods ranging from a few days to several weeks. Plaintiff's evidence tended to show that the circumstances were such that the law

would imply a promise by defendant to pay board during his visits. On all the evidence it might be inferred that plaintiff had no intention of charging defendant for board. The court charged that, if there was no expectation or promise to give or receive pay, plaintiff could not recover. *Held,* that it was not error to charge, at defendant's request, that the law does not imply a contract between relatives, with the qualification added by the court that this is not one of that class of cases.

2. SAME—OBJECTIONS TO EVIDENCE.

Defendant, after the death of his mother, who lived at plaintiff's house, testified that he paid plaintiff's wife $20 at different times; that he afterwards told plaintiff of the payments, but did not state why he made them; and that plaintiff made no reply. *Held* that, this being all the evidence offered by defendant on the subject of payments, it was properly stricken out, since it would not justify a finding that the payment was to plaintiff's wife as his agent, or that it was a payment on plaintiff's account at all.

Appeal from Chautauqua county court.

Action by Volney White against Lafayette Knowles. Judgment was entered on a verdict for plaintiff for the sum of $46.45, and a motion for a new trial was denied. Defendant appeals.

Argued before BARKER, P. J., and DWIGHT and CHILDS, JJ.

*Lafayette Knowles, pro se.* *A. C. Wade,* for respondent.

BARKER, P. J. The plaintiff's wife is the defendant's sister. The defendant's mother, for a period of years preceding her death, made her home with his sister, Mrs. White. The plaintiff is a farmer, residing in the vicinity of the defendant, where the defendant lived, who is an unmarried man. The defendant was never in any proper sense of the term a member of the plaintiff's family. He made visits to the home of the plaintiff, staying a few weeks on some occasions, and on others only a few days. The plaintiff's evidence tended to prove that the board was supplied under such circumstances that the law would imply a promise by the defendant to pay for the same. Upon all the evidence it might be fairly inferred that there was no intention on the part of the plaintiff to charge the defendant with the board and lodging furnished when on visits to his house.

The court charged the jury, in substance, that if they believed the board was furnished by the plaintiff and received by the defendant without any expectation or promise to receive pay therefor, and was given and received without any such expectation, and the services were rendered by the defendant without any expectation, and without any charge for the same, or without expecting any compensation for the services rendered, then the plaintiff would not be entitled to recover; for if the plaintiff did not intend to make a charge, but gave the board he furnished without any expectation of compensation, and as a gift, he could not, after he had given, make a charge of it against the defendant. Nor could the defendant make a charge for the services rendered if they were so performed. Neither party excepted to these instructions. At the close of the charge the defendant asked the court to instruct the jury "that there was no evidence of a contract in the case; that between relatives more or less remotely connected the law does not imply a contract." In reply to this request the court said: "That is true, but I charge you expressly that this is not one of that class of cases;" to which the defendant excepted. It is difficult to determine the legal proposition intended to be affirmed in charging the jury as requested, and at the same time instructing them that this case did not belong to the class of cases referred to by the counsel for the defendant. But in view of the general rules of law applicable to cases of this kind we think it fair to say that the learned judge intended to rule that upon the evidence in this case the proof did not show that the defendant was a member of the plaintiff's family so as to present the legal proposition stated by the defendant in his requests. The instructions which were given to the jury in the main part of the charge were a full statement of the law of the case as presented by the evidence, and we are unable to discover any error

in the special instructions. It is the duty of the appellant to prepare the bill of exceptions, and he should see to it that the points and exceptions upon which he relies are clearly and distinctly stated. Any doubt or ambiguity in this respect must necessarily result to his injury, for it is the purpose of a bill of exceptions to present the rulings of the court on clear and distinct legal questions.

The defendant testified as a witness in his own behalf that on one occasion he paid to the plaintiff's wife $10, and, after his mother's death, which occurred some two months afterwards, he paid her a further sum of $10; that after such payments had been made he informed the plaintiff of the sums of money that he had paid to his wife, but did not state why he was induced to pay the same, or on what account; and that the plaintiff made no reply to his statements. This being all the evidence which the defendant offered upon the subject, the court, on motion of the plaintiff, struck out the evidence, and the defendant excepted. There is nothing in the evidence from which the jury would be justified in finding that this money was paid to the plaintiff's wife as his agent, or that it was the intention of the defendant that it should be received by the plaintiff as a payment towards any indebtedness which he might owe him. The money was not paid to the plaintiff, nor does it appear that he has derived any benefit therefrom, nor can it be inferred that the money was paid to the plaintiff's wife during his absence from his home. It is quite as reasonable to suppose—perhaps even more so—that the defendant gave this money to his sister as a present, and as some compensation to her for the care and attention which she had bestowed upon their mother during her last illness. We think there was no error in striking out this evidence, as it did not prove the fact which the defendant sought to establish by it. Judgment and order affirmed. All concur.